QUESTION:
May a city annex property by petition which is separated from it by government-owned state road and canal rights-of-way?
SUMMARY:
The presence of a government-owned state road and canal right-of-way between a city and territory sought to be annexed does not, per se, prevent annexation of the territory by the city; however, if the separation is such that the territory is not capable of becoming part of a unified central government, the annexation should not be attempted.
Chapter 171, F.S., provides the methods by which municipal territorial limits may be contracted or extended. Section 171.16, F.S. (1972 Supp.), establishing a supplemental procedure for annexation, states in pertinent part as follows:
"(1) The owner or owners of real property in an unincorporated area of a county which is contiguous to a municipality may petition the governing body of said municipality that said property be annexed to the municipality. (Emphasis supplied.) (2) Upon the determination by the governing body of the municipality that the petition bears the signatures of all owners of property in the area proposed to be annexed, the governing body may, at any regular meeting, adopt a nonemergency ordinance to annex said property and redefine the boundary lines of the municipality to include said property. . . ."
Other provisions of Ch. 171 concern primary annexation procedures in particular situations (ss. 171.04, 171.05, and 171.09), but since you specifically mention "annexation by petition," I assume you are referring to the foregoing supplemental procedure. In this regard, it might be noted that all annexation provisions of Ch. 171 require the land annexed to be "contiguous" or "adjacent" to the annexing municipality. Thus, earlier opinions of this office relating to other sections of Ch. 171 are applicable to the instant question, at least insofar as such opinions define contiguous.
In AGO 072-282, it was ruled that a tract of land that is separated from a municipality only by a county road that runs parallel to the city limits is contiguous within the purview of s. 171.04, supra. That opinion applied the "common-sense rule" that "the existence of a highway or right-of-way does not prevent land from being contiguous." People ex rel. Strong v. City of Whittier,24 P.2d 219 (2 D.C.A. Cal., 1933). Such a minor geographical division, however, is to be distinguished from a situation in which a city attempts to annex territory that is physically separated from it by other territory and is connected to the city only by a road. In this latter circumstance — referred to as "strip" or "corridor" annexation — a city may not annex the territory involved. Attorney General Opinion 071-315.
Again, AGO 071-245, in which it was held that the presence of a stream or river between a city and territory sought to be annexed does not, per se, prevent annexation of the territory, stated that
". . . if the stream or river or other body of water does not, as a practical matter, prevent the two areas from becoming a unified whole with respect to municipal services or prohibit the inhabitants of both areas from freely associating and trading with each other, socially and economically, the presence of the stream or river should not be held to be a deterrent to annexation."
However, if the tract of land sought to be annexed is not only geographically separated from the city but also beyond the range of any existing or contemplated municipal benefits, the annexation would probably be disapproved by the courts. Attorney General Opinion 071-245; Town of Boynton v. State ex rel. Davis,138 So. 639 (Fla. 1932); Mahood v. State, 133 So. 90 (Fla. 1931). In the cases cited, the court struck down attempted annexations of territory separated from the city by bodies of water which rendered the territory not capable of being assimilated into, and becoming a part of, a unified central government.
The fact that the territory to be annexed is within the boundaries of a special taxing district will not prevent an annexation that is otherwise proper; but, as it is a special district created by special act of the legislature with powers and duties prescribed by law, the powers and duties of the Central and Southern Florida Flood Control District over the parcel in question will not be affected by its incorporation into the city. Attorney General Opinion 071-349. And, if the state road is not reclassified as a part of the secondary road system and turned back to the county for maintenance and control, it will continue to be under the direct supervision and control of the Department of Transportation. Section 335.05, F.S.